MARTÍNEZ, PETICIONARIO, *v.* CROSAS, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Aguadilla en causa por delito de falsa representación en grado de tentativa.

No. 293.—Resuelto en julio 16, 1920.

DERECHO DEL ACUSADO A ESTAR REPRESENTADO POR ABOGADO—GRAN JURADO—RECUSACIONES.—A un acusado cuya causa ha de ser sometida al Gran Jurado para investigación y que ha sido citado para comparecer al sorteo, no puede negársele el privilegio de hacer sus recusaciones por medio de abogado, y cuando reclamándolo se le niega, los procedimientos subsiguientes quedan viciados de nulidad.

Los hechos están expresados en la opinión.

El peticionario compareció por sí mismo.

El Juez demandado Hon. Andrés B. Crosas compareció representado por el Fiscal.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La Declaración de Derechos contenida en nuestra Ley Orgánica prescribe lo siguiente:

"En todos los procesos criminales el acusado gozará del derecho de tener para su defensa la ayuda de abogado."

Las secciones 3, 4, 5, 8, 9 y 52 de la ley relativa al Gran Jurado disponen lo siguiente:

"Sección 3.—El sorteo del Gran Jurado se verificará por el secretario de la corte, en sesión pública, con citación del fiscal y de

los acusados, cuyos casos hayan de someterse a la investigación del Gran Jurado, con cinco días de anticipación por lo menos, a la fecha del sorteo. Los artículos 199, 200, 201, 202, 203, 204 y 205 del Código de Enjuiciamiento Criminal regirán en cuanto sean de aplicación, en la insaculación y constitución del Gran Jurado.

"Sección 4.—En el acto del sorteo y en cualquier momento antes de ser constituído y juramentado el Gran Jurado, deberán formularse contra éste todas las recusaciones.

"Sección 5.—El Pueblo y cualquiera de los acusados citados pueden recusar el panel del Gran Jurado o a un determinado jurado. La corte instruirá a los acusados del tiempo y forma de ejercitar este derecho."

"Sección 8.—Las recusaciones mencionadas en los dos artículos precedentes se formularán y decidirán en la misma forma que las recusaciones contra el pequeño jurado.

"Sección 9.—Se entiende renunciada toda recusación que no haya sido hecha en el tiempo y en la forma previstos en esta Ley.

"Sección 52.—La acusación será sobreseída por el tribunal mediante moción del acusado presentada al leerse la acusación en cualquiera de los siguientes casos:

"(1) Cuando no se hubiere substanciado (found), endosado o presentado de acuerdo con las disposiciones de esta Ley;

"(2) Cuando a cualquier persona se le haya permitido presenciar las deliberaciones del Gran Jurado en el caso de que se trate, exceptuándose lo que esta ley prescribe en sentido contrario;

"(3) Cuando el acusado tenga algún motivo fundado de recusación contra el jurado o cualquiera de sus miembros y no haya sido citado para el sorteo del jurado en la forma y tiempo determinado en esta Ley;

"(4) Cuando los nombres de los testigos examinados por el Gran Jurado o cuyas declaraciones se hubieran leído ante dicho jurado no fueren insertadas al pie de la acusación, o al dorso de la misma."

La cuestión que motivó la expedición del auto en este caso es si a un acusado cuya causa ha de ser sometida al Gran Jurado para su investigación y que ha sido citado para comparecer al sorteo, se le puede o no negar el privilegio de hacer sus recusaciones por medio de abogado.

Durante la vista nada se dijo que suministrara alguna

luz sobre esta proposición, ya por el peticionario o por el fiscal.

Consta que después que el fiscal había examinado a los jurados respecto a sus condiciones personales, la corte inferior instruyó a los acusados que se hallaban presentes, de su derecho a establecer recusaciones ya contra el panel, o contra cualquier jurado en particular; que el abogado de Víctor P. Martínez, uno de tales acusados, solicitó permiso para hacer las recusaciones a nombre de su cliente, y que tal petición fué negada por la corte, por el fundamento de que siendo el procedimiento el de una mera investigación, el acusado no podía comparecer por abogado. Esta resolución de la corte fué debidamente excepcionada.

Se ha dicho que ''el derecho constitucional que tiene un acusado a ser confrontado con los testigos en su contra y a estar representado por abogados se refiere solamente al juicio y no se infringe con motivo de procedimientos preliminares.'' 16 C. J. 287.

Como ejemplo de la tendencia moderna en cuestiones como ésta encontramos, sin embargo, en la página 324 del mismo tomo la siguiente cita:

''A menos que exista un estatuto que lo disponga, un acusado de un delito no tiene derecho, como cuestión legal, a estar representado por abogado en su interrogatorio preliminar. Sin embargo, en la actualidad, en casi todos si no en todos los Estados, el acusado tiene derecho a los servicios de abogado en su examen preliminar y dicho abogado, así como el detenido, tienen derecho a estar presentes en el examen de los testigos.''

La siguiente cita guarda todavía más relación con la cuestión:

''También se han hecho muchas observaciones incidentales (*dicta*) en el sentido de que cuando la objeción a la constitución del Gran Jurado se refiere a la competencia de un jurado, dicha objeción puede hacerse antes de que se substancie la acusación por un *amicus curiae*.'' 12 R. C. L. 1028, § 15.

''Indudablemente que la corte puede permitir a un *amicus curiae*

que sugiera cualquier defecto en la constitución del jurado." 2 Bishop, Nuevo Enjuiciamiento Criminal, página 674, § 877.

Además, según se ha indicado en el tomo citado en último lugar en la página 675, § 881, se dice lo siguiente:

"Los motivos de recusación son numerosos;" y "el aparente derecho general está más o menos restringido judicialmente y por los estatutos y en cuanto a él existen algunas cuestiones dificultosas."

También por regla general "las formalidades en cuanto a la selección, organización y actuaciones del Gran Jurado, son cosas que están separadas de la jurisdicción judicial y de otras fundamentales semejantes; de modo que los acusados pueden renunciar a las irregularidades en ellas y renuncian a cualquiera de estas irregularidades cuando tienen conocimiento y dejan de oponerse prontamente, o en la primera oportunidad que se presente en el caso." Idem. 670, § 872.

El pequeño jurado (*petit jury*) como institución insular se encuentra aún en su período de desarrollo. El Gran Jurado está precisamente empezando a funcionar. Este es el primer caso ante esta corte en el cual está envuelta la aplicación de la ley aprobada en junio 18 de 1919, "estableciendo el Gran Jurado, regulando sus procedimientos, facultades y deberes, determinando la forma de las acusaciones del Gran Jurado, la presentación y lectura de las mismas y los procedimientos subsiguientes a la presentación." Privar al acusado de la ayuda de abogado al recusar todo el jurado, o al hacerse el escrutinio, en el actual período experimental de esta muy reciente innovación sería quitar al acusado en la mayoría de los casos todo el beneficio práctico que ha de derivarse del derecho a hacer tal recusación.

Que la Legislatura dió cierta importancia al derecho en cuestión y que el requisito contenido en la sección 3 de la ley no es meramente directivo, se infiere al parecer de la sección 52, *supra,* y de las demás disposiciones que ya han sido citadas. La teoría de que el acusado mismo no puede valerse del conocimiento técnico de su abogado ejercitando

el derecho expresamente conferídole, sería fijar al amplio ejercicio 'de ese derecho restricciones que no solamente no parecen haber sido tenidas en cuenta por la Legislatura, sino que son enteramente incompatibles con el espíritu del precepto legislativo en cuestión.

De todos modos, hasta tanto y a menos que se sugiera alguna verdadera razón en la que pueda basarse una resolución diferente, nos vemos obligados a declarar que puede un acusado comparecer y formular tales recusaciones .por abogado, así como personalmente y que el privarle de este privilegio cuando lo reclama, vicia los procedimientos subsiguientes.

Los procedimientos de que se queja el promovente deben ser anulados.

> *Anulados los procedimientos habidos en la Corte de Distrito de Aguadilla en la causa criminal No. 2135 del Pueblo v. Víctor P. Martínez.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.